

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANDREA GREEN, | CIV. 04-4099 |
| Plaintiff, | |
| -vs- | ORDER ON PLAINTIFF'S MOTIONS TO EXTEND TIME FOR DISCOVERY AND TO POSTPONE SUMMARY JUDGMENT DECISION UNDER RULE 56(f) |
| CONNIE KENYON and MIDCONTINENT MEDIA, INC., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are plaintiff's motions to Extend Time for Completion of Discovery (Doc. 41) and to Deny or Continue Summary Judgment Pursuant to FRCP 56(f) (Doc. 45). The pre-trial conference is scheduled to occur next Monday, February 27, 2006. Trial is scheduled to commence March 28, 2006. The discovery deadline under the Fourth Amended Scheduling Order expired October 31, 2005. Defendants timely filed their motions for summary judgment on December 30— the deadline for doing so (Docs. 35 and 39). On the same day plaintiff filed her first motion— to extend the time for discovery. On January 19, 2006, the day before the plaintiff's responding brief was due on the defendants' summary judgment motions, plaintiff filed her second motion— to postpone the decision on the summary judgment motions under Rule 56(f).

In her first motion (December 30) plaintiff urges defendant Midcontinent Media has failed to completely produce requested discovery and that plaintiff cannot "determine whether to depose former Midcontinent Media, Inc.'s employee Josh Houk, nor can proper issues for trial be formulated, thereby contravening FRCP 16." Midcontinent responded to plaintiff's discovery on October 31, 2005.

In her second motion (January 19, 2006) plaintiff urges the court "to postpone any decision [on summary judgment] until the Defendants have properly responded to the Plaintiffs' (sic) discovery requests and Plaintiff has had time to prepare a response to the Motion based on that additional discovery." Plaintiff's lawyer filed a supporting affidavit in which it is said the additional discovery "is expected to show that the Defendants' excuses are pretextual." It is asserted that "Defendants have obstructed and delayed Plaintiff in her attempts to complete discovery of the former employee." Plaintiff contends she "cannot properly respond and prepare proper affidavits in opposition to the Defendants' Motions for Summary Judgment without the sought discovery and the deposition of the former employee." Midcontinent employee Debbie Stang filed an affidavit in which it is said she "searched for and produced all such non-privileged documents that exist."

Plaintiff has not responded to the motion for summary judgment and the time for doing so passed on January 20, 2006.

The issue about plaintiff's rights and obligations regarding the interview of former Midcontinent employee Josh Houk arose on June 3, 2005, when plaintiff took the deposition of another Midcontinent employee, Debbie Stang. Plaintiff asserted she could interview Josh Houk in the absence of lawyers representing Midcontinent. Both counsel for the defense contended there could be an ethical problem if plaintiff's lawyer interviewed Josh Houk in the absence of Midcontinent's lawyer because Midcontinent believes he is in a management category of employees. Plaintiff has not deposed Josh Houk, and there is nothing in the record which indicates she has attempted to do so. Likewise, plaintiff has not asked the court to resolve the dispute. Counsel for Midcontinent during the June 3, 2005, discussion among the lawyers offered to make Josh Houk available for either a deposition or a telephone conference. The matter was left for plaintiff's counsel to initiate. Plaintiff did not.

Plaintiff waited for two months after the discovery deadline to request additional time for discovery. Plaintiff waited for two months after Midcontinent responded to discovery to move to compel discovery. The December 30 deadline for filing motions is intended to include such motions as summary judgment motions, Daubert motions, damage limiting motions, and the like. Motions requesting additional time for discovery need to be made before the discovery deadline expires, or the moving party needs to show good cause for not doing so. To the extent plaintiff's motion filed on December 30 is a motion to compel discovery, that matter will be addressed further at the pre-trial conference. Plaintiff's motion to extend the time under Rule 56(f) has been considered. The following cases make it clear plaintiff's conclusory allegations about the need for further discovery do not justify postponing the decision on the summary judgment motions. Stanback v. Best Diversified Products, Inc., 190 F.3d 903, 910-912 (8th Cir. 1999); Equal Employment Opportunity Commission v. American Home Products Corporation, 144 F.Supp.2d 1084 (N.D. Iowa 2001).

Nonetheless, Plaintiff is given until March 3, 2006, (1) to take the deposition or arrange the interview of Josh Houk and (2) to file her response to defendants' motions for summary judgment. Defendants' reply to plaintiff's response, if any, shall be due no later than March 9, 2006. The trial will commence as scheduled on March 28, 2006, unless defendants' summary judgment motions are granted. Plaintiff's motions (Docs. 41 and 45) are GRANTED in part and DENIED in part as described above.

Dated this 21st day of February, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____, Deputy

3